Lucy G. **RODRIGUEZ**, Appellant,

v.

The **STANDARD FIRE INSURANCE COMPANY**, Appellee.

No. 5959.

Court of Civil Appeals of Texas, Waco.

Oct. 26, 1978.

Rehearing Denied Nov. 30, 1978.

Richard D. Knutson, Carter, Callender, Knutson & Dougherty, San Antonio, for appellant.

Joe Meador, Joe Meador, Inc., San Antonio, for appellee.

## OPINION

JAMES, Justice.

This is a workmen's compensation case. Plaintiff-Appellant Lucy G. Rodriguez brought this suit in a District Court of Bexar County, Texas, against Defendant-Appellee Standard Fire Insurance Company for injuries allegedly sustained by her in the course of her employment with Foree Manufacturing Company.

Trial was had before the court without a jury, after which the trial court entered judgment that Plaintiff-Appellant Lucy G. Rodriguez take nothing, from which she appeals.

Plaintiff-Appellant timely filed the transcript herein; however, she has not been able to file a statement of facts; whereupon, on August 30, 1978, she filed her Motion to Reverse and Remand, and in the alternative for an extension of time. This appeal was originally filed in the Fourth Court of Civil Appeals sitting at San Antonio, Texas, and was transferred by the Supreme Court of Texas to this Court effective September 25, 1978.

Prior to the time the cause was transferred to this Court, the San Antonio Court of Civil Appeals granted the motion for extension of time prayed for, and held the motion to reverse and remand in abeyance.

Appellant's motion to reverse and remand is based upon the asserted fact that all of the exhibits, same being seventeen photographs, have been lost due to no fault of Appellant. Appellant's motion is accompanied by affidavits of the clerk and of the official court reporter of the trial court, both of whom swear that said exhibits are lost and missing, and that they have been absolutely unable to find and locate same. Appellant has in all been granted two extensions of time by the San Antonio Court of Civil Appeals in an effort to enable the clerk and/or court reporter to find said exhibits; however, said exhibits continue to be lost.

Appellant has tendered for filing a document without any exhibits consisting of 57 pages certified by the official court reporter, and denominated "Statement of Facts"; however, counsel for the Appellee has not agreed that same constitutes a true and correct statement of facts. Appellee has filed a reply to Appellant's Motion to Reverse and Remand wherein Appellee in effect states that Appellee refuses to sign such statement of facts. In such reply Appellee invites the court's attention to section (d) of Rule 377, Texas Rules of Civil Procedure, which provides in its pertinent parts that where a difference or disagreement arises between the parties concerning what the true facts are, that the matter shall be submitted to and settled by the trial court. However, we fail to see how Rule 377(d) may be made applicable in the case at bar, because we are dealing here with missing photographs.

Appellant asserts in her motion that said pictures depict the location of Appellant's accident, and without which pictures the transcribed testimony is rendered meaningless and confusing. We have examined the above-described 57 page document labelled, "Statement of Facts" tendered by Appellant for filing, and have ascertained that without the missing photographs the questions and answers contained therein are without meaning and are confusing.

The trial court has not approved the "Statement of Facts" tendered for filing by Appellant; and in this connection, Appellant asserts the trial court suggested that new photographs be taken which would be similar to those originally received in evidence, and substituted in lieu of the missing pictures. We do not believe new pictures

substituted for the missing photographs would properly effectuate a completion of the statement of facts.

█ It is well settled that an appealing party is entitled to a statement of facts in question and answer form, and if, through no fault of his own, after the exercise of due diligence, he is unable to procure such a statement of facts, his right to have the cause reviewed on appeal can be preserved to him in no other way than by a retrial of the case. *Victory v. Hamilton* (Tex.Comm. App.1936) 127 Tex. 203, 91 S.W.2d 697 at p. 700, opinion adopted; *Pacific Greyhound Lines, Inc. v. Burgess* (Amarillo CA 1938) 118 S.W.2d 1100, writ refused; *Waller v. O'Rear* (Waco CA 1971) 472 S.W.2d 789, NRE. This same rule has been applied likewise where the Appellant after due diligence, and through no fault of his own, has been able to obtain only a partial statement of facts. *Goodin v. Geller* (Waco CA 1975) 521 S.W.2d 158, NRE.

█ In the case at bar, from the record before us it appears that the Appellant has exercised due diligence and through no fault of her own has been unable to secure a complete statement of facts; moreover, the provisions of Rule 377 T.R.C.P., afford no avenues of relief from Appellant's dilemma. Without the photographs, the questions and answers of evidence certified by the court reporter have no meaning. Therefore, in our opinion, Appellant's right to have the cause reviewed on appeal can be preserved to her in no other way than by a retrial of the case.

Accordingly, we grant Appellant's motion, and reverse and remand said cause to the trial court for retrial on the merits.

REVERSED AND REMANDED.