**Wilbert Lee MADER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–90–0708–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 28, 1991.

Discretionary Review Refused
July 3, 1991.

Mary B. Hennessy, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a conviction for aggravated robbery. In two points of error, appellant argues that reversal is required because the trial court authorized an exhibit to be substituted in the record and the prosecutor made an improper jury argument. We affirm.

The record indicates that appellant and Michael John Rubino robbed a Kentucky Fried Chicken Restaurant in Houston on January 24, 1990. The restaurant's manager testified that Rubino threatened him with a knife and that appellant stated that he had a gun and would kill the manager if he did not open the cash register. The manager and another employee of the restaurant identified appellant and Rubino as the men who committed the robbery. During trial, the manager drew a chalkboard diagram depicting the restaurant's floor area and the positions of the defendants and witnesses during the robbery. The diagram was admitted into evidence as State's Exhibit 2. On the second day of trial, a prosecutor discovered the diagram had been erased from the chalkboard before it could be photographed. After a hearing on the matter, the trial court authorized substitution of State's Exhibit 2A, a handdrawn diagram of the interior of the restaurant which, according to the restaurant manager's testimony, was a replica of the one he had made at the trial. Appellant objected to this substitution because Exhibit 2A was not the exhibit presented to the jury and, on appeal, asserts that he is automatically entitled to a new trial because he did not agree to this substitution.

█ Prior to the adoption of the rules of appellate procedure, the general rule in Texas was an appellate court could not affirm a conviction when an appellant diligently requested a statement of facts, but was deprived part of it through no fault of his own. *Emery v. State*, 800 S.W.2d 530, 533 (Tex.Crim.App.1990) (citing *Harris v. State*, 790 S.W.2d 568 (Tex.Crim.App. 1989)). The rule governing lost records is now codified and provides:

> When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

Tex.R.App.P. 50(e). Appellant contends that the second sentence of Rule 50(e) mandates a new trial if any trial exhibit is lost and substituted by the trial court without his consent. On the other hand, the State argues that the first sentence of the rule allows for substitution of lost exhibits without appellant's consent. Under the facts of this case, we agree with the State.

When designating the record for appeal, appellant requested the clerk of the court to include true and correct copies of:

> 19. The originals of all exhibits introduced before the jury.
>
> 20. The originals of all exhibits introduced into evidence before the Court.

There was testimony at the substitution hearing that the substituted diagram, State's Exhibit 2A, was exactly the same as what was drawn on the chalkboard during the trial. Appellant did not request that the original exhibits be included in the record on appeal, only true and correct copies. This is exactly what he received. Indeed, it would be unreasonable to assume

that the original exhibit, chalkboard and all, would be included on appeal.

Appellant relies on *Hidalgo, Chambers & Co. v. Federal Deposit Insurance Corp.,* 790 S.W.2d 700 (Tex.App.—Waco 1990, writ denied), for the proposition that Rule 50(e) mandates reversal when trial exhibits are lost. In *Hidalgo,* all trial exhibits were lost and the trial court substituted duplicates of the missing trial exhibits without the appellant's agreement. The appellants stated that they did not agree to the substitution because thirteen of the lost exhibits had not been duplicated. The Waco Court of Appeals reversed, reasoning "that the appellant was not responsible for the lost record and the disastrous consequences of having to appeal on an incomplete or inaccurate statement of facts. . . ." *Id.* at 702. Here, we have a different situation. Only one exhibit was lost and it was substituted with an accurate replacement. Appellant is not faced with the "disastrous consequence" of appealing from an incomplete or inaccurate statement of facts. The full transcription of trial testimony is included in this record. We agree with the Fort Worth Court of Appeals when it stated: "We have before us a statement of facts, that being the court reporter's transcription of the trial proceedings. The material substituted was a lost or destroyed portion of the record other than the statement of facts." *Mead v. State,* 759 S.W.2d 437, 443 (Tex.App.—Fort Worth 1988, no pet.).

■ When a portion or all of the statement of facts is lost through no fault of an appellant, an appellate court should reverse and remand for a new trial because the appellant is unable to present an adequate appeal due to the missing transcription of witness testimony. *See Harris v. State,* 790 S.W.2d 568 (Tex.Crim.App.1989); *Dunn v. State,* 733 S.W.2d 212 (Tex.Crim. App.1987). Here, however, the lost exhibit plays no part in appellant's appeal except for the fact that there was a substitution. Appellant does not complain of any error during the trial that relates to the original diagram on the chalkboard. Appellant merely argues that the trial court committed reversible error in allowing the substi-

tution. We find no error in the substitution of an exact copy of the exhibit under Rule 50(e).

■ Even if the trial court committed any error in substituting the lost exhibit, we hold that it was not reversible error. The rules of appellate procedure provide:

> If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

Tex.R.App.P. 81(b)(2). The substitution in no way contributed to appellant's conviction or punishment. Nor did it impede his efforts in appealing the conviction. We overrule appellant's first point of error.

In his second point of error, appellant argues that the trial court erred in overruling appellant's objection to the prosecutor's jury argument. Appellant attempted to call his co-defendant, Michael Rubino, to testify as a defense witness. Rubino declined to testify and invoked his privilege against self-incrimination. During closing argument, the prosecutor stated:

> Now, he takes the stand and he lies. What has he possibly got to lose? Well, he knows he can't say he wasn't there. We got two life [sic] witnesses who say he was. *He can't say he doesn't know Rubino because we got Rubino.*
>
> .    .    .    .    .
>
> You heard on the stand that the defendant knew Mr. Rubino. Isn't that ironic? Can't say he wasn't there. So what's left? Well, I was there but I didn't do anything. Yeah, sounds like a good one. (emphasis added.)

Appellant argues that the prosecutor's argument was improper because it gave the jury the impression that Rubino was "in the prosecution's camp." The State contends that the prosecutor's argument was permissible because it focused on the credibility of appellant who testified in his own defense. Appellant testified that he was

present at the restaurant, but that he took no part in the robbery.

■ Proper jury argument falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Cannon v. State*, 668 S.W.2d 401, 404 (Tex.Crim.App.1984). Error exists if facts are interjected into the argument that are not supported by the record. *Id.* However, to constitute reversible error, the argument must be extreme or manifestly improper, violative of a mandatory statute, or harmful to the accused because new facts are interjected. *Id.* The test to determine whether error is harmless is whether there is a reasonable possibility that the allegedly improper argument contributed to the conviction. *Garrett v. State*, 632 S.W.2d 350, 353–54 (Tex.Crim.App.1982). When making this determination, it is necessary to look to the evidence adduced at both the guilt-innocence and punishment stages of the trial. *Id.* at 354.

■ The record reflects that appellant was present at the time of the robbery and both employees testified that he threatened them with a gun concealed in his pocket. There is no dispute that appellant accompanied Rubino into the restaurant. It was also established that appellant had two prior felony convictions. There is ample evidence to support the jury's finding of guilt and the imposed punishment of sixty years. We find that the prosecutor's statement was not improper, but if there was any error in the statement, it was harmless and did not contribute to appellant's conviction. We overrule appellant's second point of error.

Accordingly, we affirm the judgment of the trial court.