David Lee LEWIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 69833.

Court of Criminal Appeals of Texas, En Banc.

Jan. 6, 1993.

Jon L. Anderson, Lufkin, for appellant.

Gerald Goodwin, Dist. Atty., Lufkin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

After a trial held in April 1987, an Angelina County jury found appellant, David Lee Lewis, guilty of the November 1986 capital murder of a female, M___ R___. The aggravating element of the murder was provided by appellant's commission of it while in the course of burglarizing a habitation.[1] See Tex.Penal Code § 19.-03(a)(2). At the punishment phase, the jury answered affirmatively the punishment issues set forth in Article 37.071 § 2(b) of the Texas Code of Criminal Procedure,[2] and appellant was sentenced to

---

1. The relevant language from the indictment read that appellant "did then and there intentionally cause the death of an individual, [M___ R___], by shooting her with a deadly weapon, to wit: a firearm, and the said [appellant] was then and there in the course of committing the offense of burglary of a habitation of [M___ R___], the owner thereof, ..."

2. At the time of appellant's trial, Article 37.071 provided in relevant part:

 (b) On conclusion of the presentation of the evidence [at the punishment phase], the court shall submit the following three issues to the jury:

 (1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reason-

able expectation that the death of the deceased or another would result;

(2) whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society; and

(3) if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased.

(c) The state must prove each issue submitted beyond a reasonable doubt, and the jury shall return a special verdict of "yes" or "no" on each issue submitted.

The record reflects that only issues (b)(1) and (b)(2) were submitted to the jury with respect to appellant's conduct in murdering M___ R___.

death. Direct appeal to this Court was then automatic under Article 37.071 § 2(h).[3] We will reverse appellant's conviction and remand the cause for a new trial.

Appellant brings twenty-seven points of error. Since appellant does not challenge the sufficiency of the evidence to support his conviction, we will not engage in a recitation of the facts. A brief description, however, of the factual basis of this appeal is necessary.

During voir dire on March 26, 1987, the State challenged venireperson Ray Fenley for cause, based upon Fenley's testimony that led the State to believe that Fenley would be opposed to the death penalty in all situations. The trial court granted the State's challenge of Fenley. The court reporter, however, lost the notes of Fenley's testimony.

On June 23, 1988, the trial judge held a hearing after the conclusion of the trial in an effort to supplement the voir dire record with testimony from Fenley. The trial judge signed a certificate stating that "Mr. Fenley indicated that under no circumstances could he ever vote 'yes' to the two special issues, [and that during the initial voir dire], no objection [had been] made by the defense [to the State's challenge]." The trial judge also certified that he had been informed "by both the State and defense counsel that my recollection is consistent with their respective trial notes made by them during the voir dire on" March 26, 1987.

Appellant's first point of error concerns the aforementioned facts certified by the trial court. Appellant states that the trial court

erred in preparing and ordering a Certificate to be filed as a substitute for portions of the missing record lost by the court reporter, because the parties did not agree on the substituted record as required by the rules of appellate procedure, the Certificate does not fairly reflect appellant's recollection of the missing portions of the record, and appellant

was denied his right to a fair trial because he is unable to present on appeal the propriety of the trial court's excusing venireman Fenley for cause.

Appellant argues that Texas Rule of Appellate Procedure 50(e) and this Court's opinion in *Dunn v. State*, 733 S.W.2d 212 (Tex. Cr.App.1987) mandate that he be given a new trial. The State responds that *Dunn* is distinguishable because appellant herein failed to request that the court reporter take notes and, therefore, has failed to present a sufficient record for review. See Tex.R.App.Proc. 50(d); *Dunn*, 733 S.W.2d at 213. The State also argues that since appellant can only say that he does not remember whether he lodged an objection to the challenge of Fenley, he is in no position to assert error in the trial court's finding that he failed to object. In support of this position, the State directs our attention to the testimony of Fenley, who stated that no attorney lodged an objection when he was excused for cause. Finally, the State relies upon Fenley's testimony at the second hearing to argue that the challenge for cause was correctly granted because Fenley exhibited an opposition to the death penalty in all cases.

The resolution of this case is dependent upon the terms of Texas Rule of Appellate Procedure 50(e), which reads:

(e) **Lost or Destroyed Record.** When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

The record reflects that appellant made a motion for a statement of facts in which he specifically requested that "the Statement of Facts ... include all proceedings held in

**3.** Unless otherwise indicated, all article references are to the Texas Code of Criminal Procedure.

open court, including, but not limited to: all pretrial hearings, *jury selection,* and all aspects of the trial both in and out of the presence of the jury, and closing arguments." (Emphasis added). The court reporter filed an affidavit wherein she stated that she had lost her shorthand notes pertaining to Fenley's testimony.

 Since the court reporter admitted that she lost her notes from the voir dire of Fenley, we conclude that there is no merit to the State's argument regarding appellant's failure to request that the court reporter take notes. The court reporter was present, took notes, and lost those notes. Therefore, it is immaterial that appellant failed to request that the court reporter take notes. As we noted in a case that required us to construe Article 40.09, the predecessor to Texas Rule of Appellate Procedure 50, "there is no need for the defendant to subsequently present a written request for a court reporter who is already present and taking notes.... [W]here a court reporter does record a proceeding, regardless of who prompted the transcription, appellant is entitled to have such included on appeal, as long as he files a timely designation of record on appeal." *Emery v. State,* 800 S.W.2d 530, 534–535 (Tex.Cr.App.1990).[4] Appellant's request for a Statement of Facts was timely, and he was entitled to the portion of the voir dire that is missing.

 Likewise, there is no merit in the State's argument that appellant is in no position to dispute the trial court's finding that no attorney objected to the State's challenge of venireperson Fenley because appellant claims only that he cannot remember whether he lodged an objection. By relying on the fact that the trial judge and Fenley both believed that no objection

had been made, the State seems to be arguing that we should assess appellant's point of error by weighing the relative strength of the evidence. It is immaterial, however, that the trial judge and venireperson Fenley both believe that no objection was raised, because the text of Rule 50(e) specifically provides that "the appellant is entitled to a new trial *unless the parties agree on a statement of facts.*" (Emphasis added.)[5] Appellant and the State failed to agree on the statement of facts.

For this reason, it is also immaterial that venireperson Fenley's testimony at the later hearing supposedly revealed that the challenge for cause was properly granted. Assuming arguendo that Fenley's testimony did show that he was properly excused, that fact would not be dispositive, because the parties failed to agree that his later testimony accurately reflected the content of his original testimony. Without the benefit of either the transcription of that original testimony or an agreed statement of facts, we have no way of assessing whether Fenley was properly excluded for cause. Therefore, we sustain appellant's first point of error.

The judgment of the trial court is REVERSED and the cause is REMANDED for a new trial.

WHITE, J., dissents.

---

**4.** This is not to say that in a case where neither party requests, nor the trial judge orders, a court reporter to take notes that an appellant's failure to make such a request will not be dispositive. See *Emery,* 800 S.W.2d at 535 ("If appellant never requests that a court reporter record hearings, and no record is made, he cannot complain of such fact on appeal.") That question, however, is not before us. Here, even though appellant failed to request that the notes be taken, the court reporter still took the notes.

Therefore, appellant's failure to make such a request is of no significance.

**5.** This rule has been applied in civil cases. See *Hidalgo, Chambers & Co. v. Federal Deposit Insurance Corp.,* 790 S.W.2d 700, 702 (Tex.App.— Waco 1990, writ denied) ("[The rule] does not require the disagreement to be based upon reasonable grounds or allow the trial court or the appellate court to review the reason for the disagreement.").