**Eliseo MELENDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–00652–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 25, 1995.

Discretionary Review Granted Oct. 11, 1995.

Floyd W. Freed, III, Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee, Devon Ward, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and MIRABAL, JJ.

## OPINION

O'CONNOR, Justice.

We deny the State's motion to abate this appeal, and reverse and remand for a new trial pursuant to Tex.R.App.P. 50(e). A jury convicted the appellant, Eliseo Melendez, of possession of cocaine with intent to deliver. The trial court assessed punishment, enhanced by an earlier felony, at 25–years confinement. On appeal, the State discovered that a crucial exhibit had been lost and attempted to substitute the affidavits of the trial attorneys for the exhibit. The appellant opposed the substitution.

### Fact Summary

Acting on an anonymous tip, Houston Police Officer F.A. Kurtz set up surveillance outside a bar to watch for drug trafficking. Within 10 minutes, Kurtz saw three separate transactions at the back of the bar that appeared to be drug deals. In each transaction, Kurtz saw a car pull up to the back door and the driver honk the horn. A man, later identified as the appellant, would then come out of the bar, walk to the car, look around, lean into the car, talk to the driver, pull something out of his right pocket, and hand it to the driver. The driver would then give the appellant something that he would put it into his left pocket. Officer Kurtz testified he did not actually see drugs exchanged, but did see money pass during one transaction. Officer Kurtz testified he believed he was watching drug transactions.

After the third transaction, Officer Kurtz testified that the appellant got into a car with another man and left the bar. Officer Kurtz called for assistance from the raid team. Officer David Wondercheck, who was driving a marked patrol car, stopped the appellant's car after noticing that the driver and the passenger were not wearing seatbelts. The appellant was driving the car.

Officer Wondercheck and a partner ordered the appellant and his companion out of the car. A total of five officers participated in the stop and arrest. Two of the officers testified at trial that they watched the appellant's car and the appellant to make sure he did not throw anything from the car during the stop or during the arrest. None of the officers saw the appellant throw or drop anything from the car before he got out or afterward. The officers testified that it is common for persons in possession of drugs to throw them away or drop them during an arrest.

After taking the appellant and the passenger out of the car, the officers patted them down for weapons. The officers then put the appellant into the passenger side back seat of the patrol car and his companion in the driver's side back seat. After the appellant and the passenger were in the patrol car, Sergeant John Williams spotted a Big Red Gum PlenTpak wrapper (exhibit six) on the ground, next to the rear passenger door of the patrol car. In the wrapper, Officer Williams found three clear plastic baggies containing what he believed was cocaine. About the same time he found the Big Red Gum wrapper outside the car, Officer Kurtz noticed an "open pack, five sticks of gum, laying on the [front] seat [of the appellant's car] still wrapped up in the wrapper." (exhibit five)

A police chemist testified the baggies contained 445.6 milligrams of cocaine. Officer Williams testified that it appeared to him as if the individually wrapped packets were packaged for sale.

### Missing Exhibit

In point of error two, the appellant contends the evidence adduced at trial is insufficient to sustain his conviction for possession with intent to deliver a controlled substance, namely cocaine, beyond a reasonable doubt. This court asked to see exhibits five and six to determine whether the jury could find beyond a reasonable doubt that the two gum wrappers were from the same pack of gum. The State then discovered exhibit six had been lost.

Tex.R.App.P. 50(e) states:

**Lost or Destroyed Record.** When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. *If the*

*appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.*

(Emphasis added.)

■ An appellate court cannot affirm a conviction when an appellant, through no fault of his own or his counsel, is deprived of a part of the statement of facts that he diligently requested. *Dunn v. State*, 733 S.W.2d 212, 214 (Tex.Crim.App.1987); *see Pitts v. State*, 896 S.W.2d 802, 805 (Tex. App.—Dallas 1994, no pet. h.) (reversed, court could not hold appellant responsible for missing exhibits and concluded record contained no evidence to support conviction); *Rogers v. State*, 795 S.W.2d 300, 305 (Tex. App.—Houston [1st Dist.] 1990, pet.ref'd); Exhibits are part of the statement of facts. *Owens–Illinois, Inc. v. Chatam*, No. 014–91–00539–CV, slip op. at 10, (Tex.App.—Houston [14th Dist.] Dec. 15, 1994, n.w.h.) [1]; *Adams v. Transportation Ins. Co.*, 845 S.W.2d 323, 326–27 (Tex.App.—Dallas 1992, no writ). A statement of facts is not complete without the exhibits. *See Restrepo v. Barrios*, 603 S.W.2d 377, 378 (Tex.App.—Waco 1980, no writ); *Rodriguez v. Standard Fire Ins. Co.*, 573 S.W.2d 594, 595–96 (Tex.App.—Waco 1978, writ ref'd n.r.e.). Without a complete statement of facts, the court cannot review the sufficiency of the evidence. *Restrepo*, 603 S.W.2d at 378.

In *Lewis v. State*, 844 S.W.2d 750 (Tex. Crim.App.1993), the Court of Criminal Appeals held that an appellant was entitled to a new trial under Tex.R.App.P. 50(e) because the court reporter lost notes of part of the voir dire. *Id.* at 752. The lost testimony involved a veniremember whom the State had challenged for cause. *Id.* at 751. Because the parties did not agree on the testimony of the veniremember, the Court of Criminal Appeals could not assess whether the veniremember was properly excluded for

cause. *Id.* at 752. Because the State and the appellant could not agree on the statement of facts, a new trial was required. *Id.*

■ Courts have addressed the issue of missing or omitted portions of the statement of facts in the context of whether the defendant used diligence in securing a complete statement of facts. *See Culton v. State*, 852 S.W.2d 512, 514 (Tex.Crim.App.1993). This is not the problem in this case. Here, the appellant properly requested a complete statement of facts, and did not know the exhibit was missing until we asked to see it.

The Fourteenth Court of Appeals upheld the substitution of an exhibit even over the appellant's objection. *Mader v. State*, 807 S.W.2d 439, 440 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). In *Mader*, when the prosecutor discovered that a chalkboard drawing had been erased, the trial court permitted the same witness who drew on the board to make a hand-drawn diagram to be substituted in the record for a chalkboard. *Id.* The restaurant manager who had drawn the diagram on the chalkboard testified that his hand-drawn diagram was an exact replica. *Id.* The court of appeals held that the lost exhibit played no part in the appellant's appeal and found no error in the substitution. *Id.* at 441. We find *Mader* distinguishable from this case.

In this case, a crucial piece of evidence— the Big Red Gum PlenTPak gum wrapper— was found missing after the trial was over. The appellant opposes any substitution of the exhibit. Without exhibit six, this Court cannot determine what the jury saw. Under Tex.R.App.P. 50(e), we find the appellant is entitled to a new trial. We reverse.

---

1. In *Owens–Illinois, Inc. v. Chatam,* the Fourteenth Court of Appeals reversed and remanded for a new trial a civil case involving almost 600 plaintiffs because some of the plaintiffs' medical summaries were missing. *Chatam,* slip op. at 3.

The appellant objected to any substitution of the summaries. *Id.* at 9. The court found the appellant's objections valid under Tex.R.App.P. 50(e), holding a new trial was required. *Id.* at 26.