IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-38,355-03






EX PARTE DAVID LEE LEWIS, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM ANGELINA COUNTY






 Per Curiam. Keller, P.J., and Hervey, J., dissented.


ORDER 


 

 This is a subsequent application for a writ of habeas corpus which was transmitted
to this Court by the clerk of the trial court pursuant to the provisions of Tex. Code Crim.
Proc. art 11.071. In April 1987, applicant was convicted of the capital murder of Mrs.
Myrtle Ruby, a seventy-four-year-old widow, while in the course of burglarizing her home. 
At the punishment phase, the jury answered the special issues affirmatively, so the trial court
sentenced applicant to death. Direct appeal to this Court was automatic. Because the court
reporter lost some of her shorthand notes from voir dire, we reversed applicant's conviction
and remanded the case for a new trial. (1) On re-trial in June of 1993, applicant pleaded guilty
to the offense of capital murder. The second jury answered the special issues affirmatively,
and the trial court again assessed punishment at death. This Court affirmed. (2) 

 Applicant filed his first habeas corpus application in December 1997, and, after an
evidentiary hearing, it was denied with written order. His second was dismissed pursuant to
11.071, § 5. This, his third application, contained two claims:

 1. "Mr. Lewis's execution would violate the Eighth Amendment's
prohibition against the execution of the mentally retarded."

 

 2. "Mr. Lewis's death sentence violates the Sixth Amendment under
Atkins and Ring, because the jury's verdict did not include a
determination of an essential element of capital murder - that Mr.
Lewis is not mentally retarded."


 On October 15, 2003, this Court remanded applicant's first claim to the trial court and
dismissed his second claim pursuant to 11.071, § 5. 

 The trial court has entered an order concluding that, after the consideration of
applicant's writ, the State's answer, and the testimony of two psychologists who testified in
the first trial, "[i]t appears to the court that no unresolved factual issues exist" concerning
the issue of whether applicant is mentally retarded. However, we disagree. Neither the State
nor applicant have had an adequate opportunity to develop all of the testimony, documentary
materials, or other evidence necessary to resolve applicant's claim. The testimony from two
psychologists from the original trial of this case and upon which the trial court expressly
relies is not included in the habeas record. Furthermore, applicant has filed written
objections to the trial court's failure to conduct a live evidentiary hearing and asserts his
inability to fully develop the factual basis for his claim without expert assistance. (3) 

 Although the trial court has entered findings of fact and conclusions of law, because
the issue of applicant's mental retardation requires further resolution, and since this Court
cannot hear evidence, (4) it is necessary for the matter to be remanded to the trial court for an
evidentiary hearing, at which both the State and applicant may introduce additional materials
and, under these particular circumstances, witness testimony. 

 Following receipt of additional information, the trial court should make findings of
fact as to whether applicant is mentally retarded under the constitutional rule set out in Atkins
v. Virginia, (5) as implemented by this court in Ex parte Briseno. (6) The trial court should also
make any further findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of the application for writ of habeas corpus.

 This subsequent application for a writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. The trial court shall resolve the issues
presented within 120 days of the date of this order. (7) A supplemental transcript containing
all affidavits, documentary materials, relevant transcripts from applicant's trials, and the
transcription of the court reporter's notes from all hearings held, along with the trial court's
findings of fact and conclusions of law, shall be returned to this Court within 180 days of the
date of this order. (8)

 IT IS SO ORDERED THIS THE 8th DAY OF DECEMBER, 2004.

DO NOT PUBLISH
1. Lewis v. State, 844 S.W.2d 750 (Tex.Crim.App. 1993).
2. Lewis v. State, 911 S.W.2d 1 (Tex. Crim. App. 1995).
3. See Ake v. Oklahoma, 470 U.S. 68 (1985).
4. Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960).
5. 536 U.S. 304 (2002).
6. 135 S.W.3d 1 (Tex. Crim. App. 2004).
7. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
8. Any extensions of this time period should be obtained from this Court.