IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-38,355-03





EX PARTE DAVID LEE LEWIS (1)







ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 13,160 IN THE 217
TH DISTRICT COURT


ANGELINA COUNTY





 Per Curiam. COCHRAN, J., filed a statement concurring in the denial of relief,
in which Price and Hervey, JJ., joined. Womack, J., filed a dissenting statement in
which JOHNSON and HOLCOMB, JJ., joined.


O R D E R



 This is an application for writ of habeas corpus filed pursuant to the provisions of
Texas Code of Criminal Procedure article 11.071.

 In April 1987, a jury convicted applicant of the offense of capital murder. The jury
answered the special issues submitted pursuant to Code of Criminal Procedure article 37.071,
and the trial court, accordingly, set punishment at death. Because some of the reporter's
notes from the trial were lost, this Court reversed the conviction. Lewis v. State, 844 S.W.2d
750 (Tex. Crim. App. 1993). On retrial in June 1993, applicant pleaded guilty to the offense
of capital murder. A second jury answered the special issues, and the trial court, accordingly,
set punishment at death. This Court affirmed. Lewis v. State, 911 S.W.2d 1 (Tex. Crim.
App. 1995).

 Applicant presented two allegations in his application. In his first claim, applicant
asserted that his execution would violate the United States Supreme Court's opinion in Atkins
v. Virginia, 536 U.S. 304 (2002), holding that the Eighth Amendment prohibits the execution
of the mentally retarded. In his second claim, applicant asserted that the death sentence
violated his Sixth Amendment rights because the question of mental retardation was not
decided by the jury. By written order dated October 15, 2003, applicant's second claim was
dismissed and his first claim was remanded to the trial court for consideration. By written
order dated December 8, 2004, this Court instructed the trial court to hold a live hearing on
the issue.

 On remand, the trial court conducted a live hearing, after which it entered findings of
fact and conclusions of law recommending that relief be denied on applicant's claim. This
Court has reviewed the record. We adopt the trial judge's findings and conclusions, except 




for findings eight and fifteen, which we reject. Based upon the trial court's findings and
conclusions and our own review, the relief sought is denied.

 IT IS SO ORDERED THIS THE 6TH DAY OF DECEMBER, 2006.


Publish
1. The record of applicant's direct appeal and previous documents submitted to this Court
indicate that applicant's name is "David Lee Lewis." Documents filed in applicant's habeas case
alternatively refer to applicant as "David Lee Lewis" and as "David Leon Lewis." For
consistency, applicant will be referred to as "David Lee Lewis."