**Glenn Purvis WYATT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–91–00950–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 13, 1992.

Discretionary Review Refused
Nov. 25, 1992.

Janet Seymour Morrow, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Glenn Purvis Wyatt, appeals his judgment of conviction for the offense of burglary of a habitation with the intent to commit sexual assault. TEX.PENAL CODE ANN. § 30.02 (Vernon 1989). Appellant waived his right to a jury trial and entered a plea of guilty, without an agreed recom-

mendation. The court found the evidence sufficient to find appellant guilty but withheld a finding of guilt pending the results of a pre-sentence investigation. The court subsequently found appellant guilty and assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for life. We affirm.

Appellant was charged in a two count indictment with the July 11, 1989, felony offenses of sexual assault (Count I) and burglary of a habitation with intent to commit sexual assault (Count II). The court, upon motion of the State, dismissed Count I and the State proceeded with respect to Count II, burglary of a habitation with intent to commit sexual assault.

In his sole point of error appellant asserts that trial court's admonishments misled him as to the consequences of his guilty plea, so that the plea was not a knowing and understanding act. During the hearing on the appellant's plea of guilty to the felony offense of burglary of a habitation with intent to commit sexual assault, counsel for appellant stated his belief that it would not be proper for the probation officer, in conducting the pre-sentence investigation, to inquire of appellant as to whether or not the appellant sexually assaulted the complainant. The prosecutor argued that the probation officer, in conducting the pre-sentence investigation, would be entitled to go into the facts and circumstances of the offense, including the sexual assault. The trial court agreed with the prosecutor and subsequently made the following statements:

> However, most importantly, though, I know what it's going to be about. Do you understand? So I'm not going to—I only take these cases as they come in here. And right now, as far as I know, there's only one case that I have to deal with, and it *has nothing to do with a rape;* it has to do with the burglary with the intent to commit one. So you advise him in the manner in which you feel most comfortable. I'm going to let them ask what they want, but the way he answers is between y'all. (emphasis added).

Appellant claims that the trial court, apparently as a result of the above underlined remark, led him to believe he would not consider any of the sexual assault evidence in assessing punishment and misled him into believing he would disregard evidence of the sexual assault. In his brief, appellant asserts: The court, even if unintentionally, led appellant to believe "he would not consider any of the sexual assault evidence in assessing punishment" and "It is also clear that at the plea proceeding his comments misled appellant into believing he would disregard that evidence."

 Appellant's point of error is based upon assertions which simply are not supported by the record. Mere assertions in appellant's brief, unsupported by the record, present nothing for review. *Beck v. State,* 573 S.W.2d 786, 788 (Tex.Crim. App.1978). First, contrary to appellant's assertions, there is no evidence in the appellate record that the trial court indicated, either directly or indirectly, his intention to disregard evidence of the sexual assault. Nor is there any evidence appellant inferred the trial court would disregard evidence of the sexual assault.

The record reflects the trial court explained to appellant that he had but a single case pending before the court for sentencing, specifically, the offense of burglary of a habitation with intent to commit sexual assault. The trial court already had dismissed the first count of the indictment, which alleged the offense of sexual assault. Appellant already had entered a plea of guilty with respect to only the second count which alleged the offense of burglary of a habitation with intent to commit sexual assault.

Second, contrary to the appellant's assertions that the record is clear enough that the court did, quite properly, consider all the evidence in the PSI, including the sexual assault evidence, there is no evidence the trial court considered evidence of the sexual assault in assessing punishment for the offense of burglary of a habitation with intent to commit sexual assault. The appellate record does not include a copy of the pre-sentence investigation report. Ap-

pellant made no objection to the pre-sentence investigation report. The appellate record does not reflect upon what specific evidence the trial court relied in assessing punishment. The appellate record contains no evidence of the circumstances surrounding the sexual assault.

■ Even assuming the trial court considered evidence of the sexual assault, such evidence is clearly admissible during the sentencing phase and the trial court could properly consider such evidence. Appellant even concedes this point in his brief. The State's right to introduce evidence is not restricted by the entry of a plea of guilty by the defendant, or by his admission of facts sought to be provided; relevant facts admissible under a plea of not guilty are also admissible under a plea of guilty. *York v. State*, 566 S.W.2d 936, 938 (Tex.Crim.App.1978). Evidence of the circumstances of the offense to which the defendant has plead guilty is clearly admissible at the sentencing hearing. *Id.*

■ Further, the record affirmatively reflects appellant voluntarily, knowingly, and intelligently entered his plea of guilty. The Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, recites that the trial court admonished appellant as to the consequences of his plea of guilty and ascertained that appellant entered his plea of guilty knowingly and voluntarily after discussing the case with his attorney. The docket sheet recites that the trial court admonished appellant of the consequences of his plea. The trial court, during the hearing on appellant's plea of guilty, thoroughly admonished and questioned appellant; at which time the appellant indicated:

(1) he understood he was charged by indictment with the offense of burglary of a habitation with the intent to commit sexual assault;

(2) he understood the State was proceeding with respect only to Count II;

(3) he understood he was entering a plea of guilty to the offense of burglary of a habitation with intent to commit sexual assault;

(4) no one had forced or threatened him in any way in order to make him plead guilty;

(5) no one had promised him anything in order to make him plead guilty;

(6) he was pleading guilty of his own free will;

(7) he had had enough time to speak with his counsel;

(8) his counsel had answered all his questions;

(9) his counsel had explained his rights;

(10) he had never been treated for a mental illness;

(11) he understood the range of punishment for the offense with which he was charged, namely, burglary of a habitation with the intent to commit sexual assault, is a first degree felony and is punishable from five years to ninety-nine years or life in prison and a fine of up to $10,000.00 may be assessed;

(12) he understood there was no agreed plea bargain;

(13) he understood the trial court would assess punishment after a pre-sentence investigation;

(14) he read the Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession;

(15) he voluntarily and freely signed the Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession;

(16) he understood he was waiving his right to trial by jury; and,

(17) he understood he was waiving his right to have witnesses testify.

The trial court spent considerable time and effort in order to ascertain whether appellant was entering his plea of guilty voluntarily and knowingly.

Neither the statement of facts for the hearing on the entry of appellant's plea of guilty nor the statement of facts for the sentencing hearing contains any reference, whatsoever, to any expectation, belief, understanding, deal, or agreement that the trial court would disregard evidence of the sexual assault in assessing punishment for the offense of burglary of a habitation with

intent to commit sexual assault. The record contains lengthy and detailed correspondence from appellant following his conviction; none of which contain any reference, whatsoever, to any expectation, belief, understanding, deal, or agreement that the trial court would disregard evidence of the sexual assault.

The entry of a plea of guilty involves a waiver of constitutional rights, which must not only be voluntary, but must be done knowingly and intelligently "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 746–748, 90 S.Ct. 1463, 1468–1469, 25 L.Ed.2d 747 (1970). We find that appellant entered his plea of guilty voluntarily, knowingly, and intelligently. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.