Gary Wayne ADAMS

v.

**TRANSPORTATION INSURANCE COMPANY.**

No. 05–91–00784–CV.

Court of Appeals of Texas, Dallas.

Dec. 2, 1992.

Dale B. Tillery, Dallas, for appellant.

Wm. Randall Johnson, Kenneth K. Stephens, Dallas, for appellee.

Before STEWART, KINKEADE and WIGGINS, JJ.

## OPINION

STEWART, Justice.

Gary Wayne Adams appeals the trial court's judgment setting aside an award by the Industrial Accident Board (IAB) and rendering a take-nothing judgment in favor of Transportation Insurance Company in Adams' suit for worker's compensation benefits. In three points of error, Adams contends that: (1) the destruction of the original exhibits in this case prevents the proper presentation of this appeal because, without a complete appellate record, he cannot brief various points of error; (2) the trial court erred in failing to tax costs against Transportation; and (3) he was denied his right to a jury trial because the jury entered into a compromise to resolve its deadlock. We sustain Adams' first point of error. Accordingly, we reverse the trial court's judgment and remand the cause for new trial.

## PROCEDURAL HISTORY

The IAB awarded Adams damages for injuries that he sustained in the course and scope of his employment with Dial Corporation. Adams appealed the award to the county court at law. Following a trial in October 1989, the jury found that Adams sustained an injury in the course and scope of his employment but that such injury was not a producing cause of total or partial incapacity.

On November 16, 1990, the County Court at Law No. 2 heard Adams' motion for mistrial alleging jury misconduct. On November 27, 1990, the court denied Adams' motion. On December 31, 1990, the trial court set aside the IAB's award to Adams and entered a take-nothing judgment in favor of Transportation. The trial court overruled Adams' first motion for new trial on February 25, 1991. On March 7, 1991, the court signed an amended judgment, still setting aside the IAB award and entering a take-nothing judgment in Transportation's favor. The court overruled Adams' second motion for new trial on May 14, 1991.

Meanwhile, Adams learned that the original exhibits were lost or destroyed. On August 2, 1991, Adams filed with this Court a pronouncement of lost record and motion to reverse and remand. We denied his motion on August 28, 1991. Adams then filed a motion for leave to file a writ of mandamus and a petition for writ of mandamus in the Texas Supreme Court. His motion for leave was overruled on October 9, 1991.

On October 25, 1991, Adams filed with the trial court a motion to establish that copies cannot be substituted for the lost original exhibits. On October 31, 1991, he filed in this Court motions to extend the time to file his brief, to supplement the appellate record, and to extend the time to file a complete statement of facts. This Court ordered the trial court to conduct a hearing on December 3, 1991 and to make certain determinations regarding the record on appeal. We specifically reserved further ruling on Adams' motions to supplement the appellate record, to extend the time to file a complete statement of facts, and to extend time to file his brief. Following a hearing, the trial court made findings of fact, which were filed in this Court. In a January 13, 1992 order, this Court adopted "the trial court's findings that the appellate record cannot be suitably re-

placed and that the original exhibits were lost through no fault of [Adams]." We gave Adams thirty days to file a brief. Both parties subsequently filed briefs with this Court.

## LOST OR DESTROYED EXHIBITS

In his first point of error, Adams complains that the destruction of the original exhibits in this case prevents him from briefing various points of error. Specifically, he contends that he cannot raise the following points on appeal: (1) certain jury findings are erroneous as a matter of law or, alternatively, are against the great weight and preponderance of the evidence; (2) during jury deliberations, the officer in charge of the jury made an improper communication with the jury that resulted in an improper verdict; and (3) he was denied his right to a trial by jury when the jury traded answers or entered into a compromise to resolve its deadlock.

Transportation contends that Adams failed to preserve his legal sufficiency points of error, that he cannot show grounds for reversal for legal or factual insufficiency, and that he failed to demonstrate that the loss or destruction of the original exhibits precludes his presentation of these points. It also maintains that he failed to request inclusion of the exhibits in the appellate record and that he failed to show that any of the exhibits are material to his points of error.

At the December 3, 1991 hearing ordered by this Court, Transportation tendered twenty-eight substitute exhibits. Transportation stated that these exhibits were the source materials from which the original exhibits introduced at trial were taken. Transportation further represented that these source materials contained all but two of the exhibits introduced at trial. Adams stated that he could reconstruct the two exhibits not contained in the source materials. The parties then stipulated that several substitute exhibits were substantially the same as the original exhibits admitted at trial. However, the parties could not stipulate to all of the exhibits. Throughout the hearing, Adams objected that many of the substitute exhibits tendered by Transportation contained more than actually was submitted to the jury.

Following the hearing, the trial court made the following findings of fact:

1. The [c]ourt finds that the documents tendered by [Transportation] pursuant to [Adams'] Subpoena Duces Tecum include all the documents in the original record;

2. The [c]ourt finds that the tendered documents are suitable copies of the original record and may be substituted for the original record;

3. The [c]ourt finds that the documents tendered by [Transportation] contain substantially more documents than were offered and admitted at trial;

4. The [c]ourt finds that it cannot determine from the Statement of Facts which of the tendered documents were admitted, which were excluded[,] or which were not offered in regard to certain documents;

5. The [c]ourt finds that it is no fault of [Adams] that the original records have been lost or destroyed.

The trial court made no conclusions of law. In a January 13, 1992 order, this Court "adopt[ed] the trial court's findings that the appellate record cannot be suitably replaced and that the original exhibits were lost through no fault of [Adams]."

■ Rule 50(e) of the Texas Rules of Appellate Procedure provides as follows:

(e) **Lost or Destroyed Record.** When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

TEX.R.APP.P. 50(e). Rule 50(d) places the burden on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring

reversal. Tᴇx.R.Aᴘᴘ.P. 50(d). When an appellant complains of no evidence or insufficient evidence to support a finding, the appellant cannot discharge his burden of showing error without a complete statement of facts. *Rowlett v. Colortek, Inc.*, 741 S.W.2d 206, 207–08 (Tex.App.—Dallas 1987, writ denied). An appellant may not omit any material from the statement of facts if he wishes to urge no-evidence or insufficient-evidence points. *Id.* at 208.

■ We first determine whether the original exhibits can be suitably replaced. Transportation, in urging that they can be suitably replaced, relies on the trial court's first two findings of fact that the documents tendered by Transportation include all of the documents in the original record and that the tendered documents are suitable copies and could be substituted for the original record. Transportation ignores, however, the impact of the remaining findings. The court found that the documents tendered contained *substantially more* documents than were offered at trial and that it could not determine which of the tendered documents were admitted, excluded, or not offered. These findings make it clear that the trial court was unable to reconstruct the exhibits that were introduced at trial. Disposition of no-evidence and great-weight-and-preponderance points requires us to examine only the evidence that was before the jury when it made the complained-of findings. It is not enough to have before us what *might* have been before the jury for consideration in answering special issues. We conclude that we do not have suitable substitute exhibits on appeal.

Transportation urges several reasons why, even if the original exhibits could not be suitably replaced, Adams is not entitled to a new trial. Concerning factual sufficiency of the evidence, Transportation first contends that the preponderance of evidence conclusively established that Adams' injury, if any, in the scope of his employment was not a producing cause of any incapacity that he might have experienced. Without a complete appellate record, this Court cannot discharge its duty to consider the entire record to determine whether a jury's finding is against the great weight and preponderance of the evidence. *See Harco Nat'l Ins. Co. v. Villanueva*, 765 S.W.2d 809, 810 (Tex.App.—Dallas 1988, writ denied) (in reviewing great-weight-and-preponderance factual sufficiency point, this Court considers all evidence in the record relevant to the fact being challenged). Therefore, even if the preponderance of the evidence in the portion of the record before us supports the jury's findings in this case, we cannot determine without a complete record whether those findings are against the great weight and preponderance of the evidence that the jury had before it. Transportation's assertion, even if correct, would not deprive Adams of a new trial.

■ Transportation next argues that Adams has not demonstrated that the loss or destruction of the original exhibits has precluded him from making a proper presentation of the factual-sufficiency points of error and that he cannot show that the exhibits that cannot be replaced are material to his factual-sufficiency points. Because an appellant cannot challenge the factual sufficiency of the evidence to support a finding without bringing forth a complete statement of facts, *Rowlett*, 741 S.W.2d at 207–08, it is evident that, when exhibits are lost or destroyed and cannot be suitably replaced, an appellant is prevented from making a proper presentation of such points of error. Further, because great-weight-and-preponderance points require this Court to consider the *entire* record, *all* of the exhibits are material to these points of error.

■ Finally, Transportation argues that Adams never requested the official court reporter to include the exhibits in the statement of facts. We disagree. Adams' request for preparation of the statement of facts makes a general request for the statement of facts and specifically requests omission only of the voir dire examination, opening statements, and closing arguments. The exhibits are part of the evidence in a case and are, therefore, part of the statement of facts to be prepared by

the court reporter upon request. *See* TEX. GOV'T CODE ANN. § 52.047(a), (d) (Vernon 1988 & Vernon Supp.1992) (court reporter shall furnish transcript of evidence on payment of fee and may charge additional fee for photostating, blueprinting, or other reproduction of exhibits). Thus, we conclude that Adams' request for preparation of the statement of facts included a request for the exhibits that have been lost or destroyed.

■ Had a reconstruction of the original exhibits been possible, the loss or destruction of these exhibits would not be reversible error. *See* TEX.R.APP.P. 50(e) (lost or destroyed record may be substituted on appeal). However, reversal is required when an appellant, wishing to complain of no or insufficient evidence to support a finding, is deprived of a portion of the statement of facts. We sustain Adams' first point of error.

Transportation urges in its third cross-point that this Court's January 13, 1992 order incorrectly concludes that the trial court found that the appellate record cannot be suitably replaced and erroneously adopted the trial court's unsubstantiated finding that the original exhibits were lost or destroyed through no fault of Adams.

We previously concluded that the trial court's first through fourth findings of fact, taken as a whole, show that the original exhibits cannot be suitably replaced. Further, our November 12, 1991 order stated the following: "If the trial court finds that the original exhibits cannot be replaced with copies, the trial court shall proceed to determine whether [Adams'] inability to produce a complete record on this appeal (whether with the original exhibits or with suitable copies) occurred through no fault of [Adams]." The parties pointed out, and the trial court acknowledged, that, pursuant to this Court's order, it would make no finding concerning Adams' fault

unless it first determined that the original exhibits could not be suitably replaced. We conclude that the trial court's fifth finding of fact, that the original exhibits were lost through no fault of Adams, demonstrates that the trial court found that the original exhibits could not be suitably replaced. Therefore, our January 13 order correctly states that the trial court found that the appellate record could not be suitably replaced.

■ Moreover, the trial court's finding that the original exhibits were lost through no fault of Adams is not, as Transportation argues, unsubstantiated. Testimony at the December 3 hearing showed that three court reporters were responsible for portions of the statement of facts.[1] Cathy Ackley, the official court reporter for the County Court at Law No. 2 at the time of the trial, testified that, when she stopped working for the court, she left the original exhibits for this case in her office. She learned during her preparation of the statement of facts in this case that the exhibits could not be located. Debbie Smith, who subsequently became the official court reporter, told Ackley that she had "gotten rid of" all of the exhibits that were more than one year old.[2] The other two court reporters in the case testified that, when they had finished recording the testimony, they returned all of the exhibits to Ackley's office. All three court reporters testified that, to their knowledge, neither Adams nor his attorney ever checked out the original exhibits in this case.

Martin Richter, presiding judge of the County Court at Law No. 2, testified that, after he took the bench in June 1990, he decided to clear out the exhibits that were more than one year old. He stated that this policy did not apply to pending cases. He had no personal knowledge of what happened to the original exhibits in this

---

1. Cathy Ackley was the official court reporter for the County Court at Law No. 2. Georgia Fielder–White sat in for Ackley for one day, and Terri Jones sat in for one afternoon.

2. The Supreme Court Order Relating to Retention and Disposition of Exhibits allows the clerk to dispose of exhibits, under certain specified

conditions, one year after final judgment after first giving thirty days notice to all attorneys of record that they have an opportunity to claim and withdraw the trial exhibits. Tex.R.Civ.P. 14b. No such notice was given to the attorneys of record in this case.

case. Debbie Smith testified that she became the official court reporter in October 1990. Several months later, at Judge Richter's direction, she cleaned out the exhibits in the court reporter's office. Generally, if the case was more than one year old, if the exhibits had cause numbers on them, and if the computer showed a final judgment, the exhibits were discarded. She testified that she does not specifically recall anything about this case or about the exhibits that she discarded, but she thinks that she may have thrown them away because they did not have a cause number on them. We conclude that the above evidence substantiates the trial court's finding that the loss of the original exhibits in this case was through no fault of Adams. Accordingly, we overrule Transportation's third cross-point.

Our disposition of Adams' first point and Transportation's third cross-point makes it unnecessary for us to consider the remaining points and cross-points.

We reverse the trial court's judgment and remand this cause for a new trial.