**Maxie Clinton JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 241–93.

Court of Criminal Appeals of Texas, En Banc.

May 12, 1993.

---

Charles Freeman, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Rikke Burke and Craig Goodhart, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant of delivery of a controlled substance and assessed punishment at confinement for six years, probated. The conviction was affirmed. *Johnson v. State*, 846 S.W.2d 373 (Tex.App.—Houston [14th], 1992). Appellant has filed a petition for discretionary review contending, inter alia, that the Court of Appeals erred in not considering all of the evidence in assaying the harm attendant to the introduction of evidence seized as a result of an illegal search. We agree.

The Court of Appeals held that the search was illegal and that certain evidence, consisting of crack cocaine, a ten dollar bill used to purchase the cocaine and some weapons, should not have been admitted for that reason. However, the court went on to hold that the admission was harmless after stating, "In this case, we must determine whether the jury found the appellant guilty because of evidence that a shotgun, pistol and cocaine were found at the scene of the arrest." *Id.* at 378. Since the testimony concerning the weapons and seized cocaine was not tied to the delivery but only to the arrest, the court found such admission to be harmless especially since the proof of the delivery was overwhelming. However, the ten dollar bill was tied to the delivery since it was used to buy the crack cocaine and was given to the accomplice witness by the undercover narcotics officer in exchange for the cocaine. After the illegal search that ten dollar bill was found in appellant's pocket. Consideration of the admission of the ten dollar bill should have been a part of the Court of Appeals' analysis.

In *Esteves v. State*, 849 S.W.2d 822 (Tex. Cr.App.1993), we held that when a court of appeals fails to consider all of the evidence relating to an appellant's challenge the cause will be remanded to that court for consideration of all of the relevant evidence. In the instant case the Court of Appeals did not mention the ten dollar bill in its analysis when such may well have made a difference. In such a situation the cause will be remanded to that court to allow it to analyze the harm flowing from the erroneous admission of all of the evidence which was relevant to appellant's challenge which was seized and admitted before the jury, if there be any such harm. *Esteves*, supra.

Therefore, appellant's petition for discretionary review is granted as to grounds for review number one through three, complaining of an incomplete harm analysis and the cause remanded for a more complete analysis as set out herein. All other grounds for review are refused.