**Otis Tracy JOHNSON, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–92–010–CR.**

Court of Appeals of Texas,
Fort Worth.

July 6, 1993.

Rehearing Overruled Aug. 3, 1993.

Cotton, Knight & Baker, Thomas C. Cotton, Wichita Falls, for appellant.

Barry L. Macha, Criminal Dist. Atty., John W. Brasher, Asst., Wichita Falls, for appellee.

Before HILL, C.J., and HICKS and FARRAR, JJ.

OPINION

HILL, Chief Justice.

Otis Tracy Johnson, Jr., appeals his conviction by a jury of the offense of burglary of a habitation. The jury assessed his punishment at twenty years confinement in the Texas Department of Criminal Justice, Institutional Division, and a fine of $2500. Johnson urges in a single point of error that the evidence is insufficient to support his conviction.

We affirm because the evidence is sufficient to support Johnson's conviction.

We will view the evidence in the light most favorable to the verdict and determine whether, after viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985).

This case was tried prior to *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). Consequently, when reviewing the sufficiency of circumstantial evidence, even though the standard of review is the same as a case proven solely by direct evidence, we will utilize the outstanding reasonable hypothesis theory as an analytical tool. *Madden v. State*, 799 S.W.2d 683, 690 (Tex. Crim.App.1990). In using that tool, we look to see if the evidence supports a reasonable hypothesis other than Johnson's guilt. *Id.*

Two young girls testified that about 8:00 p.m., while out playing kickball, they observed several black males pull up in front of a neighbor's house, quickly get a bicycle and lawn mower from the garage, and then leave. One of the witnesses said that there were four men, the other said four or five.

The older of the two girls testified she saw three of the men go into the garage to get the lawn mower and bicycle while one stayed in the truck. She said that after the lawn mower was loaded, one of the men rode off on the bicycle. She described the clothing of the men that she saw. She indicated that one had on all black, including black pants; one was wearing a green shirt and some multi-colored shorts; and one had on a golfer's cap.

Her younger sister testified that one of the men was wearing black or purple shorts; one had a funny-looking hat; one had on a "plaided" shirt; and that one was wearing black, although she could not say if anyone were wearing all black. She said that one was wearing a round hat with a funny-looking ball on top.

Officer William Pursley of the Wichita Falls Police Department testified that he was dispatched to the scene of the burglary at 8:15 p.m. on the day in question. He indicated that he broadcast the girls' description of the suspects at approximately 8:21 p.m. He said the girls told him that the incident happened about ten minutes before he arrived.

Theotis Jelks, another Wichita Falls police officer, testified that at 8:42 p.m. he spotted a small red pickup truck with two black males in the cab and two black males in the bed of the truck, along with a lawn mower and bicycle. He said that Johnson was in the bed of the truck practically sitting on the lawn mower and bicycle, which were identified as being the lawn mower and bicycle taken in the burglary. The truck was identified as the one used at the time of the burglary.

Johnson was wearing a black t-shirt, black shorts, and red tennis shoes. The other occupant of the pickup bed was wearing black and gold shorts, a purple t-shirt, and white shoes. The passenger in the cab was wearing long blue jeans, a multi-colored striped shirt, a dusty grey cap, and brown deck shoes. The driver of the truck was wearing a blue t-shirt, blue jeans, a black belt, and a white ball cap. Officer Jelks said that the multi-colored shirt could have been described as green by someone who was not close to it. No one was wearing a cap with a ball on top.

We hold that this evidence is sufficient to support the conviction.

Where there is independent evidence of a burglary, unexplained possession of the recently stolen goods may constitute sufficient evidence of guilt to support a conviction. *Harris v. State*, 656 S.W.2d 481, 483 (Tex.Crim.App.1983). Because Johnson was in possession of the recently stolen goods and his possession was unexplained, that evidence alone is sufficient to support his conviction.

Johnson insists that there is no evidence that he was in possession of the stolen property, particularly pointing out that there was no showing that he was driving or was the owner of the truck. We hold that the evidence that he and the other individual in the truck were practically sitting on the property is sufficient evidence to satisfy the State's burden of proof as to

Johnson's personal possession of the property.

Johnson primarily relies on the cases of *Rodriguez v. State,* 549 S.W.2d 747 (Tex. Crim.App.1977) and *Jackson v. State,* 645 S.W.2d 303 (Tex.Crim.App.1983). We find these two cases to be distinguishable. In *Rodriguez,* the property in question was found in a file box on a closet shelf in the bedroom Rodriguez shared with his girlfriend. Rodriguez was in the hospital at the time the box was found. The court held that this evidence was insufficient to show that Rodriguez had personal possession and asserted distinct and conscious right to the property. *Rodriguez,* 549 S.W.2d at 749. In our case, unlike *Rodriguez,* Johnson was practically sitting on the stolen property.

In *Jackson,* the court held that the defendant had not exercised personal possession of the property involved where it was being carried in a van in which he was merely riding as a passenger. *Jackson,* 645 S.W.2d at 306. The court additionally noted that there was no testimony placing Jackson at the scene of the crime. *Id.* In this case, as we have previously noted, Johnson was not merely a passenger in a truck in which the stolen property was being carried, he was practically sitting on the property. Also, given the similarity in clothing descriptions, the number of individuals involved, and the relatively short time from the time of the offense until the time of arrest, the jury could have reasonably inferred that Johnson was one of the individuals observed committing the burglary.

Johnson suggests that there is a reasonable hypothesis that he may have joined the group after the burglary. However, given all of the evidence as we have outlined it, the jury could have reasonably determined that Johnson's hypothesis was not very reasonable. We overrule Johnson's sole point of error.

The judgment is affirmed.