Heather Lee MATTHEWS, et al., Appellants,

v.

LAND TOOL COMPANY, et al., Appellees.

No. C14–93–00033–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 23, 1993.

Rehearing Denied Jan. 27, 1994.

Walter J. Kronzer, III, Houston, for appellants.

Phillip C. Summers, Ann Moore, Paul A. Higdon, Houston, for appellees.

Before ROBERTSON and CANNON, JJ., and MORSE, J., Sitting by Assignment.

## OPINION

CANNON, Justice.

This appeal comes to us from a jury trial in which the trial court granted appellees' motion for directed verdict. As appellants' sole point of error on appeal they assert that it was error for the trial court to grant the directed verdict. We affirm the judgment of the trial court.

This appeal arises out of facts dating back to July 4, 1985, the date on which Deborah Ann Matthews was killed when she drove an all-terrain vehicle into a stone mailbox. Appellants, consisting of the decedent's survivors and executor of her estate, went to trial in 1992 alleging that the helmet she was wearing at the time of the fatal accident was negligently designed, manufactured, and marketed. Pursuant to this claim, appellants joined as defendants Land Tool Company; E.H. Land; Joseph E. Land; Ed Tucker, Distributor, Inc.; Tucker–Rocky Distributors, Inc.; Iron Horse Motorcycle Supply Company, Inc.; and A.J. Foyt Cycles, Inc. Appellants also brought suit under the Texas Deceptive Trade Practices Act. Before trial, appellants dismissed Iron Horse Motorcycle Supply Company, Inc. from the suit. During the trial, appellees A.J. Foyt Cycles; Ed Tucker, Distributor, Inc.; and Tucker–Rocky Distributors, Inc. moved for a directed verdict. The trial court granted the motion, stating after the ruling that she found no evidence, or insufficient evidence, that Deborah Ann Matthews was a consumer, a prerequisite for any DTPA cause of action.

■ Before discussing the merits of the case, we must first address a procedural issue appellees raise in their reply brief. Appellees contend that appellants have brought, or attempted to bring, a limited appeal which does not comply with either Rule 40(a)(4) or Rule 53(d) of the Texas

Rules of Appellate Procedure. Rule 40(a)(4) states only the procedure for limiting the issues on appeal. It is Rule 53(d) which presents a problem for appellants because it appears appellants have attempted to limit the record on appeal, and a party wishing to limit the record on appeal must comply with the strict requirements of Rule 53(d).

■ We find many indicia that appellants intended for us to review only a limited record. For example, the volume constituting the statement of facts contains the heading "Excerpt," and sections throughout the statement of facts are denoted as "Excerpt 1," "Excerpt 2," etc. Additionally, included in this tome of excerpts is the opening argument of appellants' trial counsel describing to the jury the evidence they would be hearing from various expert witnesses. None of this expert witness testimony is in the statement of facts. Therefore, we find that appellants obviously intended for us to review a limited record pertinent only to the DTPA issue. Because it is apparent that appellants intended to limit their appeal, it was incumbent upon them to comply with Rule 53(d). Courts have strictly construed this rule, and failure to comply with the rule's procedural requirements will prevent appellate review of the merits of the case. *See Dresser Indus., Inc. v. Forscan Corp.*, 641 S.W.2d 311, 314–15 (Tex.App.—Houston [14th Dist.] 1982, no writ) (discussing effect of presumption and need for strict compliance with Rule 53 regarding limiting appeal).

The rule states that the party who requests a limited statement of facts must also submit, either with the request or in an attached document, a statement of the points of error on which the party intends to rely. Tex.R.App.P. 53(d). *See also Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991) (disapproving "hypertechnical" construction of Rule 53(d) that would require statement of points of error be *in* and not merely *with* request for partial statement of facts); *Alford v. Whaley*, 794 S.W.2d 920, 923 (Tex. App.—Houston [1st Dist.] 1990, no writ) (stating point of error need not be in same document as request but merely submitted in timely manner). The record before us, how-

ever, contains no evidence of such a filing. When this request *is* properly made, the requesting party receives the significant benefit of the presumption on appeal that "nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal." *Id; see also Steger & Bizzell v. Vandewater Const.,* 811 S.W.2d 687, 690 (Tex.App.—Austin 1991, writ denied) (discussing history and purpose of Rule 53(d)). Failure to comply with the procedural requirements of this rule leads to dire consequences; such failure means that we must presume that the missing parts are relevant. *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990); *Nuby v. Allied Bankers Life Ins. Co.,* 797 S.W.2d 396, 398 (Tex.App.—Austin 1990, no writ).

Appellants' point of error asserts there was sufficient evidence for the trial judge to deny the directed verdict; they in effect ask us to review the evidence heard by the trial court. To their detriment, however, in the absence of a complete statement of facts, we must presume the omitted evidence supports the trial court's judgment. *Schafer,* 813 S.W.2d at 155; *Ruffin v. Ruffin,* 753 S.W.2d 824, 828 (Tex.App.—Houston [14th Dist.] 1988, no writ).

Nonetheless, appellants' argument is persuasive in that they assert, and we would tend to agree, that the precise issue they ask us to review does appear to be confined to the testimony of one witness which is included as one of the excerpts. However, we are constrained by the parameters clearly set out in the decisions stated above which have interpreted Rule 53(d) in an extremely formalistic way. Appellants urge us to take a more common-sense approach in finding that the record is sufficient as to their limited issue; they in effect urge us to not let a "hypertechnical" rule of procedure deny them a review of their case on its merits. In making this argument, appellants ask us to infuse Rule 53(d) with a flexibility that many courts have rejected, without any expressed difference of opinion from the supreme court. For us to depart in this case from the strict interpretations of Rule 53(d) would be for us to open up "Pandora's box," paving the way for a future appellant to compile only a limit-ed record and then rely on only the assumption that the opposing party will be able to discern the appellant's point of error.

Notwithstanding a certain measure of common sense in appellants' argument, nothing in the record shows appellants filed a statement of points to be relied on, and we must find they failed to comply with Rule 53(d) governing limited appeals. Accordingly, we must presume that the omitted portions of the record support the trial court's judgment granting the directed verdict on the DTPA issue. For this reason, we overrule appellants' point of error and affirm the judgment of the trial court.