**Maxie Clinton JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–00457–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 2, 1995.

Charles Freeman, Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

Before MURPHY, YATES and ANDERSON, JJ.

## OPINION

MURPHY, Justice.

Appellant, Maxie Clinton Johnson, was convicted by a jury of delivery of a controlled substance. The jury assessed punishment at six years probation. On original submission, appellant brought thirty-nine points of error. In his thirty-second point, appellant complained that "the trial court committed reversible error by overruling appellant's objection to illegally obtained evidence." We held that: (1) the warrantless search of appellant's home was unlawful; (2) all of the evidence seized from the home was illegally obtained; and (3) it was error for the court to have admitted the illegally obtained evidence. The evidence found at the home included cocaine, a marked ten dollar bill, a shotgun and a pistol. We affirmed the judgment, however, because we found the error was harmless beyond a reasonable doubt. *Johnson v. State,* 846 S.W.2d 373 (Tex. App.—Houston [14th Dist.] 1992) *reversed* 853 S.W.2d 574 (Tex.Crim.App.1993).

On petition for discretionary review, the Court of Criminal Appeals held this court had failed to consider the admission of the ten dollar bill in our harm analysis. *Johnson v. State,* 853 S.W.2d 574 (Tex.Crim.App. 1993). They remanded the case to our court for an analysis of "the harm flowing from the erroneous admission of all of the evidence which was relevant to appellant's challenge." On remand, we reviewed the admission into evidence of the ten dollar bill. We noted that appellant never objected to the admission of State's Exhibit No. 1, a photocopy of the bill, on the basis that it had been illegally obtained. We noted that we did not consider the ten dollar bill in our harm analysis because the exhibit had been properly admitted. We then again declined to consider the evidence in our harmless error analysis, and we affirmed the trial court's judgment.

Appellant again filed petition for discretionary review, asking the Court of Criminal Appeals to review the propriety of our decision. The court held that because the ten dollar bill was admitted "at a point in the testimony relating to the purchase of the cocaine, an event *prior* to the appellant's arrest, the evidence *at that point* was *not* the product of an illegal arrest." *Johnson v. State,* 878 S.W.2d 164 (Tex.Crim.App.1994) (emphasis in original). They held that appellant had not waived error by failing to object on the basis of an illegal search and seizure when the evidence was admitted, reversed our opinion, and again remanded the case for a complete harm analysis. We have reviewed the entire record and conclude the error was not harmless beyond a reasonable doubt.

The function of an appellate court's harmless error analysis is to determine to what extent, if any, the error contributed to the conviction or punishment of the accused.

*Harris v. State,* 790 S.W.2d 568, 585 (Tex. Crim.App.1989). The reviewing court should focus not on the weight of the other evidence of guilt, but rather on whether the error at issue might possibly have prejudiced the jurors' decision-making; it should ask not whether the jury reached the correct result, but rather whether the jurors were able properly to apply the law to the facts in order to reach a verdict. *Id.* at 588. If the error was of a magnitude that it disrupted the jurors' orderly evaluation of the evidence, no matter how overwhelming it might have been, the conviction is tainted. *Id.* Thus, we must determine whether the error at issue might possibly have prejudiced the jurors' decision-making process.

■ The evidence in this case shows that on January 25, 1990, Officer Davis, an undercover Houston Police Officer, approached a residence at 11002 Long Gate Street to conduct a narcotics investigation. Members of the Southeast Tactical Unit Raid Team waited in a van a few blocks away. Officer Davis knocked on the door, and was asked by appellant what he needed. The officer replied that he wanted a "dime," which is street slang for one-eighth of a gram of crack cocaine. Appellant told Ronald Harden, a State's accomplice witness, to get the man "what he wanted." Harden retrieved a rock of cocaine from a table in the living room and gave it to the officer. The officer purchased the cocaine with a previously photocopied ten dollar bill. Officer Davis returned to his car, and radioed to the raid team that he had made a narcotics purchase.

The raid team immediately approached the residence at 11002 Long Gate. The door was closed and locked. Without knocking on the door or requesting permission to enter, the officers used a battering ram to break down the door and gain entry. Once inside, they found appellant standing next to the kitchen stove, which had crack cocaine lying on top. Appellant was initially placed under arrest for possession of a controlled substance. When searched, the police found the previously photocopied ten dollar bill in his pocket. The officers discovered crack cocaine, a sawed-off shotgun and a .25 caliber automatic pistol at the scene of the arrest.

According to Officer Davis's testimony, the ten dollar bill was used to purchase the cocaine appellant was charged with having delivered. Further, Officer Cuevas, a member of the raid team, testified that he had compared the numbers on the ten dollar bill recovered from appellant and the photocopy made by Officer Davis. In his comparison, Officer Cuevas found that the ten dollar bill recovered from appellant matched the photocopy made by Officer Davis.

In his closing argument the State's attorney made the following references to the ten dollar bill:

> The $10 bill, testimony of a $10 bill. The records pointed to it. The date and time, 1300 hours being 1 o'clock, the arrest being 2 o'clock in the afternoon and $20 bill. Officer Davis told you he made the xerox copies of these two bills, that he made a drug transaction for a dime, street lingo for a $10 bill. He hands that $10 bill to Ronald Harden. Ronald Harden told you he took a $10 bill from him, not $20 or anything else. It was still in the possession of the Officer, Officer Davis. This bill is given to Harden and Harden tells you, I go inside and I give it to him because it's not my drugs, it's his drugs that I'm selling.

> \*   \*   \*   \*   \*   \*

> When he compares the $10 bill to the xerox copy, you saw it, he said himself and Officer Cuevas compared it all, the same numbers were the same, everything was the same, he said yes, same one we took from the Defendant.... [Appellant] also had on his person a $10 bill. That's corroboration. Officers took it from his person because of the narcotics transaction that Ronald Harden had made for Maxie Johnson.

Because appellant was charged and convicted of delivery of cocaine, the ten dollar bill was essential to corroborate the testimony of Officer Davis and Ronald Harden that the cocaine had been purchased from appellant. *See Golden v. State,* 851 S.W.2d 291, 294 (Tex.Crim.App.1993). The prosecutor emphasized the corroboration of the testimony in his closing argument. During delibera-

tions, the jury sent out notes to the trial judge requesting copies of the testimony about the seizure of the ten dollar bill from appellant. Under these circumstances, we cannot say the jury did not rely on or consider the ten dollar bill in reaching the verdict. It seems clear that the erroneous admission of the ten dollar bill prejudiced the jurors' decision-making process and disrupted their orderly evaluation of the evidence. Consequently, we cannot conclude beyond a reasonable doubt that the error made no contribution to appellant's conviction.

The judgment of the trial court is reversed and the case is remanded for a new trial.