Tony Valdez GOMEZ, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 14–93–00537–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 17, 1995.

Rehearing Overruled Sept. 28, 1995.

Robert E. Hoskins, Galveston, for appellant.

B. Warren Goodson, Jr., Galveston, for appellees.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

## MAJORITY OPINION

HUDSON, Justice.

Appellant entered a plea of not guilty before a jury to the offense of burglary of a habitation. TEX.PENAL CODE ANN. § 30.02 (Vernon 1989).[1] The jury found him guilty, and after finding two enhancement paragraphs true, assessed his punishment at eighty-seven years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. In four points of error, appellant contends his conviction should be reversed because the statement of facts is incomplete, the trial court proceeded with the trial even though a material witness failed to appear, the trial court permitted the prosecutor to summarize the pen packets before the jury, and the evidence is insufficient to support his conviction. We affirm the trial court's judgment.

While the complainant was hospitalized, her home was twice burgled on successive days. Physical evidence indicated that the burglar enjoyed a snack during the second burglarious entry, and police recovered two Oscar Mayer meat wrappers, two empty Coke cans, a cigarette butt, and two cheese wrappers inside the house. Appellant's thumbprint was found on one of the Oscar Mayer wrappers. A couple of weeks later, the police arrested appellant walking in a field near the complainant's home. On the ground, within feet of where appellant had been walking, the police found three personal checks belonging to complainant and her driver's license.

In his first point of error, appellant contends he is entitled to a new trial because State's Exhibits Numbers Six through Twelve, which include the food wrappers, soft drink cans, and cigarette butt, have been lost or destroyed without his fault. In its proof, the State offered twenty-nine exhibits, all of which were lost by the court reporter. While some of the exhibits could probably be reconstructed, appellant focuses his complaint upon the exhibits which cannot be reproduced, namely, the food wrappers, soft drink cans, and cigarette butt.

To support his request for a new trial, appellant relies upon Rule 50(e) of the Texas Rules of Appellate Procedure. The rule is composed of two sentences. The first provides that when any portion of the appellate record is lost or destroyed, it may be substituted by the trial court. The second sentence, however, states that if the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed, the appellant is entitled to a new trial. TEX.R.APP.P. 50(e).

 Exhibits are part of the appellate record. *Durrough v. State,* 693 S.W.2d 404, 405 (Tex.Crim.App.1985). They are not, however, part of the court reporter's notes. The disposition of appellant's first point of error, therefore, depends upon whether ex-

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts

1993, 73rd Leg., Ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

hibits are part of the court reporter's "records" and, therefore, part of the statement of facts. If any portion of the statement of facts is lost or destroyed, the appellant is entitled to a new trial without a showing of harm. *Emery v. State,* 800 S.W.2d 530, 533 (Tex.Crim.App.1990) (quoting *Harris v. State,* 790 S.W.2d 568 (Tex.Crim.App.1989), and *Dunn v. State,* 733 S.W.2d 212 (Tex. Crim.App.1987)). We interpret the first sentence of Rule 50(e), however, to mean that if some portion of the record *other than the statement of facts* is lost or destroyed, the trial court may, if possible, reconstruct and substitute the missing portion without the appellant's consent. Moreover, when reconstruction is not possible, as in this case, the error is subject to a harm analysis.

The courts of appeals in this state, including this Court, have been less than uniform in their approach to lost or destroyed exhibits. The Tenth Court of Appeals has specifically held that exhibits are part of the statement of facts, and may not be reconstructed without appellant's consent. *Hidalgo, Chambers & Co. v. FDIC,* 790 S.W.2d 700, 702–03 (Tex.App.—Waco 1990, writ denied); *see also Shields v. State,* 820 S.W.2d 831, 833 (Tex. App.—Waco 1991, no pet.) Moreover, the *Hidalgo* court found that when exhibits are lost, the appellant is entitled to a reversal of the judgment without demonstrating any harm and without giving any reason for his opposition to reconstruction and substitution of the exhibits. *Hidalgo,* 790 S.W.2d at 702–03. The Fifth Court of Appeals has also held that exhibits are part of the statement of facts, but the court softened its holding by concluding that the loss of exhibits is subject to a harm analysis. *See Adams v. Transportation Ins. Co.,* 845 S.W.2d 323, 326 (Tex. App.—Dallas 1992, no writ).

The Ninth Court of Appeals has held that exhibits are part of the statement of facts, and that their loss may be the basis for reversal *if* the lower court first concludes the exhibits cannot be reconstructed. *Sheffield v. State,* 777 S.W.2d 743, 744 (Tex.App.— Beaumont 1989, no pet.). Two other appellate courts have held that exhibits may be reconstructed and substituted *without* the appellant's consent. *Hackney v. First State Bank,* 866 S.W.2d 59, 61 (Tex.App.—Texarkana 1993, no writ); *First Heights Bank, FSB v. Gutierrez,* 852 S.W.2d 596, 617 (Tex. App.—Corpus Christi 1993, writ denied). Curiously, the Twelfth Court of Appeals has concluded that lost exhibits are not a ground for reversal if the exhibits are merely photographs. *Diaz v. Deavers,* 574 S.W.2d 602, 608 (Tex.Civ.App.—Tyler 1978, writ dism'd).

This Court has likewise delivered conflicting opinions regarding lost or destroyed exhibits. Recently, a panel of this Court held that exhibits are part of the statement of facts, and that the judgment of the lower court is subject to reversal without a harm analysis if the exhibits are lost or destroyed. *Owens–Illinois, Inc. v. Chatham,* 899 S.W.2d 722, 729 (Tex.App.—Houston [14th Dist.], April 13, 1995, n.w.h.) (op. on reh'g). Another panel of this court, however, has held that exhibits are not part of the statement of facts. *See Mader v. State,* 807 S.W.2d 439, 440–41 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Two other panels of this court have held the loss of exhibits may be harmless in some instances. *See Johnson v. State,* 846 S.W.2d 373, 377 (Tex.App.—Houston [14th Dist.] 1992), *remanded on other grounds,* 853 S.W.2d 574 (Tex.Crim.App. 1993), *rev'd on other grounds,* 899 S.W.2d 250 (Tex.App.—Houston [14th Dist.], 1995, no pet. h.); *Richards v. Suckle,* 871 S.W.2d 239, 243 (Tex.App.—Houston [14th Dist.] 1994, no pet.)

The confusion as to whether exhibits are part of the statement of facts stems, in part, from Rule 50(a) of the Texas Rules of Appellate Procedure which defines the content of the appellate record as consisting of a transcript and a statement of facts. Reasoning that exhibits are not part of the transcript, two courts have concluded that exhibits must necessarily be part of the statement of facts. *Shields,* 820 S.W.2d at 833; *Owens–Illinois, Inc.,* 899 S.W.2d at 729. This rationale is further bolstered in *Owens–Illinois* by the court's conclusion that the statement of facts must encompass all of the evidence, and since exhibits are part of the evidence, they must necessarily be part of the statement of facts. While there can be no question that exhibits

are part of the appellate *record*,[2] nothing in Rule 50(a) suggests that exhibits are exclusively a component of the *statement of facts*.[3] The Texas Rules of Appellate Procedure refer to exhibits both in the context of being part of the transcript[4] and as part of the statement of facts.[5]

If we were to hold, as some have, that exhibits are part of the court reporter's records, we would be obliged to reverse the trial court's judgment in every instance where one or more of the exhibits have been lost. Some exhibits, however, such as computer-generated records, business records, photographs, and certified photocopies of original public records can be flawlessly reconstructed with the utmost confidence. In many cases, the exhibits are of no value to the appellate court and have no impact upon the resolution of the appellant's points of error. It is a waste of judicial resources to hold that the loss of such exhibits must automatically result in a new trial.

■ We hold that exhibits are *sui generis*, and may not be neatly "pegged" as being solely part of the transcript or the statement of facts. When designated for inclusion, exhibits form part of the appellate record, but they are not entirely subsumed under the statement of facts. We do not hold that the loss of an exhibit will *never* result in a new trial. Occasionally an exhibit may be relevant to the determination of a point of error. The loss of such an exhibit, accompanied by the inability to reconstruct the same, must necessarily result in a new trial. Nevertheless, where no possibility exists that the exhibit will be of assistance to the appellate court, its loss should not result in a reversal of the trial court's judgment. *Richards v. Suckle*, 871 S.W.2d at 243. In this case, the latent fingerprints on the original food wrappers are of no assistance to us in resolving appellant's points of error because we are not qualified to interpret and

compare latent fingerprints. We reiterate and adopt the holding in *Richards v. Suckle* where Justice Cannon, writing for court said: "We simply do not read Rule 50(e) to mean that in every instance where a part of the record has been lost that the aggrieved party is entitled to a new trial. If the portion of the record which is lost cannot change the outcome of the case, to remand the cause for a new trial would not be judicially economical."

■ Finally, appellant did not specifically designate the missing exhibits for inclusion in the record; consequently, he cannot complain of their absence on appeal. Appellant bears the burden to see that "a sufficient record is presented to show error requiring reversal." Rule 50(d). When a party files a written stipulation with the clerk of the trial court, he must stipulate "the parts of the record, proceedings and *evidence* to be included in the record on appeal." Rule 50(b) (emphasis added). The appellant in this case did not specify in his written designation *filed with the clerk* that the exhibits should be included in the appellate record. Therefore, he has failed to preserve error on appeal. Because we find that exhibits are not part of the statement of facts, that their loss has not prejudiced his appeal, and that appellant did not preserve this issue for review, we overrule appellant's first point of error.

In his second point of error, appellant maintains the trial court erred by proceeding with the trial when a potential witness failed to appear in court. Complainant's former boyfriend gave conflicting statements to the Texas City police and to the trial court regarding appellant's participation in the burglary. Because the ex-boyfriend failed to appear at trial as instructed by the trial court and when called by appellant, the trial court ordered a writ of attachment and recessed for three hours while the sheriff attempted to locate him. Trial proceedings

---

2. *Durrough v. State*, 693 S.W.2d at 405.

3. A bill of exception is not part of the evidence introduced at trial, yet it is undeniably part of the appellate record. Although a bill of exception is not part of the transcript, at least one court has found that exhibits offered in support of the bill are not part of the statement of facts. *See Mead*

*v. State*, 759 S.W.2d 437, 443 (Tex.App.—Fort Worth 1988), *rev'd on other grounds*, 819 S.W.2d 869 (Tex.Crim.App.1991).

4. *See* Tex.R.App.P. 51(d).

5. *See* Tex.R.App.P. 53(c).

resumed approximately three hours later even though the witness had not been located. At that time, the trial court heard testimony, outside the presence of the jury, about the ex-boyfriend's written statement. Later, at the hearing on appellant's Motion for New Trial, the ex-boyfriend testified that he had no personal knowledge regarding the burglary of complainant's home.

Appellant contends the moment the trial court ordered the writ of attachment, the State was required to exercise due diligence and good faith in attempting to secure the ex-boyfriend as a witness under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Texas Constitution. *Varela v. State*, 561 S.W.2d 186, 188 (Tex.Crim.App.1978); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 56, 107 S.Ct. 989, 1000–01, 94 L.Ed.2d 40 (1987) (stating at a minimum, criminal defendants have the right to the government's assistance in compelling attendance of favorable witnesses at trial). Without citing authority, appellant contends the trial court should have inquired whether the State had exercised due diligence and good faith in attempting to secure the witness before resuming trial proceedings. Because the trial court failed to make an express determination of due diligence and good faith, appellant argues the trial court erred in permitting the State to introduce evidence regarding the witness's statement over his objection.

We do not reach the merits of this point because appellant has failed to preserve error. To preserve error, an adverse ruling on an objection must be obtained in the trial court. Rule 52(a). The record does not reflect that appellant requested the trial court to make a determination of the State's diligent or good faith attempt to locate the errant witness or that appellant voiced an objection to the trial court's failure to do so. Furthermore, appellant concedes that evidence of the State's lack of good faith and due diligence is outside the record before this Court. Mere assertions in appellant's brief, unsupported by the record, present nothing for review. *Beck v. State*, 573 S.W.2d 786, 788 (Tex.Crim.App.1978); *Wyatt v. State*, 836 S.W.2d 334, 335 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). Therefore, appellant's second point of error is overruled.

In point of error three, appellant challenges the sufficiency of the evidence to support his conviction. In order to sustain appellant's conviction, the evidence presented must establish all material elements of the offense. *Alvarado v. State*, 632 S.W.2d 608, 610 (Tex.Crim.App.1982), *overruled by Chambers v. State*, 711 S.W.2d 240 (Tex.Crim.App.1986); *Draper v. State*, 681 S.W.2d 175, 176 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). This Court must review the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found from that evidence every element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Garrett v. State*, 851 S.W.2d 853, 857 (Tex.Crim.App.1993); *Soto v. State*, 864 S.W.2d 687, 691 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). This standard applies to cases involving both direct and circumstantial evidence. *Chambers*, 711 S.W.2d at 245. The essential elements of burglary are as follows: (1) a person, (2) without the effective consent of the owner, (3) enters a habitation with the intent to commit a felony or theft. § 30.02 (Vernon 1989); *Draper*, 681 S.W.2d at 177.

Appellant challenges the sufficiency of the evidence in three respects. First, appellant alleges the evidence is insufficient to show that he entered complainant's residence. Appellant contends the only evidence of his presence at complainant's home was his thumbprint on the food wrapper, and the State failed to show the thumbprint was made at the time of the burglary. Fingerprints, without further evidence of identification, are sufficient to support a conviction if the evidence shows the fingerprints were necessarily made at the time of the burglary. *Phelps v. State*, 594 S.W.2d 434, 435 (Tex.Crim.App.1980); *Servin v. State*, 745 S.W.2d 40, 43 (Tex.App.—Houston [14th Dist.] 1987, no pet.). Nevertheless, the mere possibility the fingerprints were made at some other time does not necessarily render the evidence insufficient. *Id.* at 436. In addition to appellant's thumbprint on the food wrapper,

the record shows that appellant was arrested in close proximity to property taken from the complainant's home. Where there is independent evidence of a burglary, recent unexplained possession of property taken in that burglary will support an inference of guilt sufficient to sustain a conviction for burglary on appeal. *Johnson v. State*, 856 S.W.2d 849, 850 (Tex.App.—Fort Worth 1993, no pet.); *Brown v. State*, 792 S.W.2d 193, 194 (Tex. App.—Houston [1st Dist.] 1990, no pet.). A rational jury, taking this evidence together, could conclude that appellant left his thumbprint on a food wrapper when he enjoyed a snack while burglarizing complainant's residence.

 Next, appellant argues that the State failed to prove forced entry into complainant's home because the record suggests that entry was made by someone with a key, such as complainant's ex-boyfriend, who may have had her consent to enter the residence. However, complainant testified she had given consent only to her sister to enter her home while she was hospitalized. She also said her ex-boyfriend did not have consent to enter her home and had, in fact, returned his key to her. A marital relationship does not authorize a spouse to enter an estranged spouse's residence. *Stanley v. State*, 631 S.W.2d 751, 753 (Tex.Crim.App.1982). Likewise, a dating relationship does not impliedly authorize a boyfriend to enter his ex-girlfriend's residence. Whether the entry was obtained by means of a key is irrelevant. An entry into a house through a door that was closed is an entry by force within the meaning of the Section 30.02. *Mixon v. State*, 401 S.W.2d 806, 807 (Tex.Crim.App.1966).

 Finally, appellant contends that the evidence fails to show that he was inside the residence with the intent to commit theft. We disagree. Evidence in the record of appellant's thumbprint on the food wrapper, the location of complainant's driver's license and personal checks at the time of his arrest clearly supports the jury's conclusion that appellant entered complainant's home with

the intent to commit theft. Appellant's third point of error is overruled.

In his fourth point of error, appellant complains that the trial court erred in permitting the prosecutor to summarize the pen packets before the jury. We do not reach the merits of this point of error because appellant failed to specifically object on the grounds now made the basis for his complaint on appeal. See *Coffey v. State*, 796 S.W.2d 175, 179 (Tex.Crim.App.1990). Appellant's fourth point of error is overruled.

Accordingly, the judgment of the lower court is affirmed.

MURPHY, Justice, dissenting.

I respectfully dissent. The majority holds that an exhibit is not exclusively part of the statement of facts; therefore, Rule 50(e) of the Texas Rules of Appellate Procedure does not apply when the exhibit is lost or destroyed without appellant's fault. In reaching this conclusion, the majority disregards precedent set by this Court in which we held the court reporter's records include exhibits incorporated in the statement of facts, and found Rule 50(e) applicable when the exhibits were lost or destroyed. See *Owens–Illinois, Inc. v. Chatham*, 899 S.W.2d 722, 731–32 (Tex.App.—Houston [14th Dist.] 1995, writ requested). Instead, the majority applies a harmless error analysis to the loss of an exhibit by assessing the impact of the lost exhibit on the outcome of the points of error raised by appellant, and by assessing this Court's ability to interpret the exhibit.

Even if the majority were correct in finding exhibits to be *sui generis*, and not necessarily part of the statement of facts, the record indicates that, in this case, the exhibits had become part of the court reporter's records, and were intended to become part of the statement of facts. Not only did the court reporter have possession of the exhibits until they were lost or destroyed, but appellant formally requested the court reporter to include all exhibits in the statement of facts.[1]

---

1. The majority finds appellant failed to preserve error because he did not specify in his written designation filed with the court clerk "the parts of the record, proceedings and *evidence* to be included in the record on appeal." Rule 50(b) (emphasis added). Appellant, however, was not required to make such a request of the court clerk because Rule 53(d) instructs him to request

Furthermore, by its affirmance, the majority disregards the clear meaning of Rule 50(e), and precedent set by the Texas Court of Criminal Appeals. Rule 50(e) provides in relevant part:

> If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

TEX.R.APP.P. 50(e); *Lewis v. State,* 844 S.W.2d 750, 751–52 & n. 5 (Tex.Crim.App. 1993) (noting *Hidalgo, Chambers & Co. v. FDIC,* 790 S.W.2d 700 (Tex.App.—Waco 1990, writ denied) in which all trial exhibits were lost and the court granted appellant a new trial); *see also Perez v. State,* 824 S.W.2d 565, 567 (Tex.Crim.App.1992); *Emery v. State,* 800 S.W.2d 530, 533 (Tex.Crim. App.1990) (quoting *Harris v. State,* 790 S.W.2d 568 (Tex.Crim.App.1989) and *Dunn v. State,* 733 S.W.2d 212 (Tex.Crim.App. 1987)). The majority's concern, here, is the waste that results from relitigating a case where trash, namely, food wrappers, soft drink cans, and a cigarette butt have been lost, in light of the fact that this Court lacks the expertise to analyze the fingerprint lifted from one of these items.

Nevertheless, the Texas Rules of Appellate Procedure deal harshly with those who fail to bring forth the full record on appeal. For example, if appellant, or another party seeking review, fails to bring forth a sufficient record to show error requiring reversal, he fails to preserve error. Rule 50(d). Likewise, the consequence of failing to comply with the strict procedural requirements of Rule 53(d) when limiting the record on appeal is that the appellate court presumes the missing evidence is relevant and supports the trial court's judgment. Rule 53(d); *Superior Packing v. Worldwide Leasing,* 880 S.W.2d 67, 70 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Matthews v. Land Tool Co.,* 868 S.W.2d 25, 26 (Tex.App.—Houston [14th Dist.] 1993, no writ). Therefore, to find exhibits as part of the statement of facts, in general, or when so intended and requested,

and the loss or destruction of those exhibits to fall within the ambit of Rule 50(e) is consistent with the interpretation of other rules which concern the record on appeal.

Because the enforcement of these procedural rules is harsh and seems hypertechnical, practitioners often request a more common sense approach in light of limited judicial resources. *See Matthews,* 868 S.W.2d at 26. Nevertheless, while the preservation and best use of judicial resources is a valid concern, it must be balanced against a competing need for a complete record, including exhibits if requested, in order for the appellate court to assess the integrity of the verdict. *See Perez,* 824 S.W.2d at 568. For that reason, the court of criminal appeals has held that the loss of any part of the statement of facts is not subject to harmless error analysis. *Id.* As the court of criminal appeals noted in *Perez:*

> This type of error does not affect the internal integrity of a trial, but instead interferes with the judicial process by blocking an appellate court's ability to assess the record of a trial. How can we say the instant failure to provide a complete record did not contribute to the verdict or punishment when the failure has prevented us from having a complete record from which to assess the integrity of the verdict?

*Id.* at 568. In light of the fact that appellant raised a sufficiency challenge involving one of the lost exhibits, the necessity of reviewing the exhibit is apparent. A challenge to the sufficiency of the evidence requires an appellate court to examine the *entire* record including all the exhibits. *Adams v. Transportation Ins. Co.,* 845 S.W.2d 323, 326 (Tex. App.—Dallas 1992, no pet.).

Accordingly, I would sustain appellant's first point of error, and reverse the judgment of the trial court and remand the cause for a new trial.

---

the official court reporter to include exhibits in the statement of facts. Rule 53(d). In fact, appellant asked the court reporter to prepare the statement of facts in question-answer form, and to include *all exhibits,* voir dire, and arguments of counsel in his request for the preparation of the statement of facts, and thus preserved error on appeal.